John P. O'Banion, Esq. (State Bar No. 99523)
Steven L. Smith, Esq. (State Bar No. 142982)
**O'BANION & RITCHEY LLP**
400 Capitol Mall, Suite 1550
Sacramento CA  95814
Telephone:  (916) 498-1010
Facsimile:   (916) 498-1074
E-Mail:        jpo@intellectual.com

Attorneys for Plaintiffs JOHN MOONEY and
LASE ALLERGY RELIEF CENTERS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASER ALLERGY RELIEF CENTERS, INC, a California Corporation, and JOHN M. MOONEY, an individual,<br><br>Plaintiff;<br><br>v.<br><br>PRACTICE MEDX, LLC, a Florida Limited Liability Company, doing business as BIOALLERGENIX, Does 1-10<br><br><br>Defendant(s). | Action No :<br><br>**COMPLAINT FOR:**<br>**FALSE ADVERTISING 15 USC 1125(A);**<br>**AND UNFAIR COMPETITION;**<br>(California Business and Professions Code §§17500, et seq. and Civil Code Section § 1770 et seq.). |

Plaintiffs, LASER ALLERGY RELIEF CENTERS, INC. and JOHN M. MOONEY (collectively LARC), by its attorneys, complains against Defendants PRACTICE MEDX, LLC, a Florida Limited Liability Company, doing business as BIOALLERGENIX and Does 1-10 (collectively MEDX), as follows:

### NATURE OF THE ACTION

1. This is an action an action for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for deceptive business practices and false advertising under California Business and Professions Code §§17500, et seq. and the Consumer

1

COMPLAINT FOR FALSE ADVERTISING AND UNFAIR COMPETITION

Legal Remedies Act (Civil Code Section § 1770 et seq.). This Court has subject matter jurisdiction over the Lanham Act claim pursuant to 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367(a). The California state claims asserted herein is so related to the Lanham Act claims as to form part of the same case or controversy.

2. MEDX advertises and distributes a laser based treatment product for the treatment of allergies for use by health care providers called the BAX3000 throughout the United States. This action arises from the advertising of MEDX and its chain of distributors and customers conducted in various forms of media in interstate commerce.

3. In part, Plaintiff seeks to permanently enjoin Defendants and its network of distribution from continuing to advertise and make the false and deceptive claims that the BAX3000 device and system are "FDA Approved" when in fact no such approval has been granted by the United States Food and Drug Administration nor has such approval been requested by the Defendants.

## THE PARTIES

4. The Plaintiff, John M. Mooney is an individual residing in El Dorado County, California, within the judicial district of this court.

5. Plaintiff Laser Allergy Relief Centers, Inc. is a California corporation, having a regular and established place of business in El Dorado County, California.

6. Plaintiff LARC promotes and distributes a laser allergy relief apparatus and system throughout the United States to health care practitioners.

7. Upon information and belief, Defendant, Practice Medx LLC d/b/a Bio-Allergenix, is a Limited Liability Company organized and existing under the laws of the state of Florida, with a regular and established place of business in Palm Beach County, at 1 South Ocean Blvd., Suite 300 Boca Raton, Florida.

8. Defendant MEDX promotes and distributes a laser allergy relief apparatus and system throughout the United States to health care practitioners under the name BAX3000 that generally competes with the devices sold by the Plaintiff.

9. Upon information and belief, Defendant Practice Medx LLC d/b/a Bio-Allergenix, (MEDX) offers for sale or has offered for sale, or sells or has sold, medical devices in a manner that violates Section 43(a) of the Lanham Act and California law, and directly harms Plaintiff LARC as well as the general public.

10. Upon information and belief, Defendant MEDX regularly solicits and transacts business in this judicial district, including offering for sale or selling medical devices, including the BAX3000 through advertisements and direct solicitations.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the false advertising claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and §1338(a) and (b), because the action arises under the Lanham Act. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

12. Jurisdiction is based upon 28 U.S.C. §§ 1332(a), 1338, 2201 and 2202.

13. Venue in this District is proper under 28 U.S.C. § 1391 and because a substantial part of the events giving rise to the claims arose in this District.

14. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of $25,000.

## FIRST CLAIM FOR RELIEF
### (False Advertising 15 U.S.C. §1125(a))

15. Plaintiff is informed and believes that defendant MEDX has, in connection with goods or services, used a false or misleading description of fact, or a false or misleading representation of fact, which in commercial advertising or promotion,

misrepresents the nature, characteristics and/or qualities of MedX's goods or services. Specifically, MEDX and its distributors and purchasers affirmatively assert to the public that the BAX3000 apparatus has been officially reviewed and approved by the US Food and Drug Administration (FDA), when in fact it has not.

16. Plaintiff is informed and believes that MEDX, makes the following claims in its advertising:

*"FDA Cleared and patented device..."*

*The BAX 3000 has FDA clearance as a neurological relaxation device...*

*"...is the only FDA-cleared system offering relief from allergies and related conditions."*

*"An FDA cleared and patented system to identify and eliminate the cause of your condition."*

*"The BAX3000 is the only FDA cleared and U.S. Patented system of...."*

*"The BAX-3000 technology is patented and FDA-approved."*

*"Bioallergenix is a FDA-Approved computer and laser program designed to detect and treat more than 96,000 allergens..."*

17. The Plaintiff is informed and believes that no submissions have been made to the FDA by MEDX relating to the BAX3000 apparatus or system and consequently, the FDA has not "cleared" or "approved" the BAX3000 device.

18. The Plaintiff is further informed and believes that no submissions have been made to the FDA by MEDX for the BAX3000 device or treatment methods by any manufacturer or supplier of the BAX3000 or any component manufacturer of the BAX3000.

19. Through multiple websites, including www.bioallergenix.com, and in other media, MEDX offers the BAX3000 for sale with the representation that the BAX3000 has been "cleared" or "approved" by the FDA.

20. Statements suggesting official FDA "approval" for 510(k) compliance constitute misbranding and are misleading according to federal regulations. For example, 21 CFR 807.97 and 807.39 provide: "Any representation that creates an impression of official approval of a device because of complying with the premarket notification regulations is misleading and constitutes misbranding."

21. Plaintiff is informed and believes that the statements of Defendant MEDX and its distribution chain and purchasers concerning the FDA and other unsubstantiated claims of therapeutic value that have been made publically have actually deceived or have the tendency to deceive a substantial segment of its market audience, including potential patients of purchasers.

22. The deceptive statements of Defendant MEDX are material and they are likely to influence the purchasing decisions of potential purchasers, including LARC potential customers. The deceptive statements concerning the FDA approval are also likely to influence the treatment decisions of the general public.

23. Defendant MEDX's false and misleading statements and representations were and are made in interstate commerce and are likely to result in consumer injury or harm to the public.

24. The improper activities of MEDX, as described above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act. Although Defendant MEDX has been notified of the false FDA statements and removal requested by the Plaintiff and third parties, MEDX refused and continues to expand use of the false information in advertising throughout the country.

25. As a result of defendant MEDX's improper activities, Plaintiffs have suffered and continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits to MEDX which LARC would have made but for the false and deceptive advertising by MEDX, unless MEDX is preliminarily and/or permanently enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (False Advertising B&P Code §17500)

26. Plaintiff realleges and incorporates herein by reference ¶¶1-25 of this Complaint. This claim for relief is for Untrue or Misleading Advertising in Violation of California Business and Professions Code Section 17500 *et seq.*

27. 30. Through its advertising practices and promotional materials, including the various uniformly deceptive promotions, solicitations, and advertisements created, approved and distributed by it, defendant disseminated untrue and misleading statements and/or omitted material facts in violation of California Business and Professions Code §§17500, *et seq.*

28. The advertising and other conduct described herein concerning the FDA clearance and approval of the BAX3000 device was "likely to deceive." This false advertising is ongoing and continues to this date.

29. Defendants knew or should have known that these representations concerning the FDA clearance of the BAX3000 device are false and misleading to potential customers and to the general public.

30. The representations concerning the FDA approval of the BAX3000 device were made, or caused to be made, before the general public in this state. Such conduct is ongoing and continues to this date.

31. Plaintiff and members of the general public are therefore entitled to the relief available under Business and Professions Code §§17500, *et seq.*, as detailed below in the prayer for relief.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition Cal. Civ. Code §1770)

32. Plaintiff realleges and incorporates herein by reference ¶¶1-31 of this complaint as though set forth in full.

33. The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to a consumer defined in Cal. Civil Code 1770 have been engaged in by the Defendants:

"(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services."

"(3) Misrepresenting the affiliation, connection, or association with, or certification by, another."

"(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

34. Defendant's false, misleading and deceptive statements of fact are likely to mislead a reasonable consumer acting reasonably under the circumstances.

35. Defendant's false, misleading and deceptive statements of fact have resulted or are likely to result in consumer injury or harm to the public interest.

36. As a result of Defendant's unfair and deceptive business practices, Plaintiffs have suffered and continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits to MEDX which LARC would have made but for the false and deceptive advertising by Defendants unless MEDX is permanently enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
(Violation of 47 U.S.C. §227)

37. Plaintiff realleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 36, inclusive, of this complaint as though fully set forth herein.

38. Plaintiff is informed and believes that Defendants used fax advertisements of the BAX3000 device and system as part of general advertising strategy in the United States and the state of California. The fax advertisements of the Defendants to the Plaintiffs and others in the state of California were unsolicited within the meaning of 47 U.S.C. §227(a)(4), which defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without the person's prior express invitation or permission."

39. Plaintiff, and others in California, have received unsolicited facsimile advertisements from Defendants regularly over the course of many months during the 2008 and 2009 years.

40. Plaintiff brings this action for monetary relief against Defendants for their violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1) ("TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200(a)(3) for the statutory sum of $500 per unsolicited fax advertisement sent to Plaintiff by Defendants. The TCPA creates a private right of action for monetary and injunctive relief for sending unsolicited advertisements to a person or business by facsimile ("fax").

## **PRAYER**

WHEREFORE, Plaintiffs pray that this Court enter judgment that:

1. That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained permanently:

(a) From making false and misleading statements and representations concerning the certification of the BAX3000 by the U.S. Food and Drug Administration and any treatment provided by that device;

(b) To notify MEDX's distributors and customers of the true facts concerning the FDA and the efficacy of the processes used by the BAX3000 with the directive to remove any false statements from their advertising; and

(c) To disseminate appropriate and effective corrective advertising and promotional materials to the general public, including but not limited to, on the homepage of the www.bioallergenix.com website, to correct the false, misleading and deceptive representations of MEDX;

2. An award of damages sustained by Plaintiffs pursuant to 15 U.S.C. § 1117(a)(2), Cal. Civil Code 1770 and California Business and Professions Code Section 17500 *et* seq., and as otherwise permitted by law.

3. An accounting and award of profits derived by MEDX from its unlawful conduct pursuant to 15 U.S.C. § 1117(a)(1), and as otherwise permitted by law;

4. Award plaintiff the statutory sum of $500 per unsolicited fax advertisement sent to plaintiff by defendants;

5. Award plaintiff statutory treble damages per unsolicited fax advertisement sent knowingly and willfully to plaintiff by defendants;

6. An award of Plaintiff's costs of suit, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a)(3), and as otherwise permitted by law;

7. An award to Plaintiffs of any other relief, in law and in equity, to which the Court finds just and proper.

Dated: August 24, 2009

                                            /s/ Steven L. Smith
                                            Steven L. Smith, Attorney
                                            for Plaintiffs *Laser Allergy Relief Centers, Inc.* and *John M. Mooney*

COMPLAINT FOR FALSE ADVERTISING AND UNFAIR COMPETITION